Gong v. Garland

BIA
Laforest, IJ
A206 302 915

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-four.

PRESENT:
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

LING GONG,
> *Petitioner,*

v.                                                                      **21-6536**
                                                                        **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**               Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**        Brian Boynton, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Ilana J. Snyder, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ling Gong, a native and citizen of the People's Republic of China, seeks review of an August 30, 2021, decision of the BIA denying his motion to remand and reversing an Immigration Judge's ("IJ's") October 30, 2018 grant of withholding of removal. *In re Ling Gong,* No. A 206 302 915 (B.I.A. Aug. 30, 2021), *rev'g in part* No. A 206 302 915 (Immig. Ct. N.Y. City Oct. 30, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review factual findings for substantial evidence and questions of law *de novo. See Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). Because Gong did not appeal the IJ's denial of asylum and Convention Against Torture relief, we have considered only the BIA's reversal

2

of the IJ's grant of withholding of removal and the BIA's denial of his motion to remand. *See* 8 U.S.C. § 1252(d)(1) (requiring petitioner to "exhaust[] all administrative remedies available . . . as of right"); *Santos-Zacaria v. Garland,* 143 S. Ct. 1103, 1112, 1116 (2023) (holding that this exhaustion requirement is not jurisdictional, but is a "claim-processing rule" subject to "waiver and forfeiture"); *Donnelly v. CARRP*, 37 F.4th 44, 57 (2d Cir. 2022) (explaining that when the government has properly raised a failure to comply with a statutory exhaustion rule, the "rule must be enforced").

I.      Withholding of Removal

The BIA reversed the IJ's grant of withholding of removal because, as with asylum, there is a statutory bar to relief if "there are serious reasons to believe [an applicant] committed a serious nonpolitical crime outside the United States." 8 U.S.C. § 1231(b)(3)(B)(iii).   An Interpol Red Notice reflected that Gong was wanted in China for contract fraud, and Gong's evidence confirmed that there were pending charges involving a fraudulent contract or misappropriation of funds.   Certif. Admin. Record at 204–05, 230, 237.   Gong's bases for challenging the BIA's denial of withholding are not properly before us because (1) our review is limited to "the administrative record on which the order of removal is based,"

3

8 U.S.C. § 1252(b)(4)(A), so we cannot consider his new assertion that the Interpol notice has been taken down and (2) he did not exhaust his argument that the agency found he was wanted for "embezzlement" not "contract fraud" and the Government has not waived the exhaustion requirement, *see Donnelly*, 37 F.4th at 55–56.

Even if we were to consider his arguments, the BIA did not err in reversing the grant of withholding of removal. An applicant is barred from withholding of removal if "there are serious reasons to believe that [he] committed a serious nonpolitical crime outside the United States" before arriving in the United States. 8 U.S.C. § 1231(b)(3)(B)(iii). The "serious reasons to believe" standard is the equivalent of "probable cause" and, if the Government meets this burden, the burden shifts to the applicant to establish by a preponderance of evidence that the mandatory bar does not apply. *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir. 2004) (equating "serious reasons to believe" with "probable cause"); *see also* 8 C.F.R. § 1208.16(d)(2) (outlining burden shifting). The Supreme Court has indicated that robbery, embezzlement, and fraud are examples of serious nonpolitical crimes. *See Kenyeres v. Ashcroft*, 538 U.S. 1301, 1306 (2003) (concluding that a record with evidence of "serious financial crimes," including

embezzlement, fraud, and money laundering supported IJ's finding that there was reason to believe the petitioner had committed a serious nonpolitical offense). The length of the sentence to be imposed also indicates the seriousness of the crime. *Matter of W-E-R-B-*, 27 I. & N. Dec. 795, 801 (B.I.A. 2020) (finding that a maximum term of nine years indicated that the crime charge was serious). Further, an active Interpol Red Notice with the biographical details of the applicant indicates there are "serious reasons for believing" the applicant has committed the crime. *Id.* at 797–98.

The agency considered an Interpol Red Notice that Gong was charged with "contract fraud," with a maximum penalty of life imprisonment and identified Gong by his photographs, place and date of birth, and passport number. Gong presented a letter from an attorney in China confirming the pending charges. Accordingly, the agency had evidence to find probable cause that Gong had committed a crime before entering the United States and that it was serious because it involved fraud and carried a maximum penalty of life imprisonment. *See Kenyeres*, 538 U.S. at 1306; *Matter of W-E-R-B-*, 27 I. & N. Dec. at 797–98. Gong did not meaningfully refute these findings, and his arguments here that the agency erred by calling his crime "embezzlement" or that the Interpol notice has been

5

taken down lack merits because the IJ characterized his crime as "business fraud" and lack of publication on Interpol's website does not indicate that a notice is not active. *See* Interpol, *View Red Notices*, https://www.interpol.int/en/How-we-work/Notices/Red-Notices/View-Red-Notices ("Extracts of Red Notices are published at the request of the member country concerned and where the public's help may be needed to locate an individual or if the individual may pose a threat to public safety.").

II.    Motion to Remand

We review the BIA's denial of a motion to remand for abuse of discretion. *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) (quotation marks omitted).   An abuse of discretion is found when the BIA provides "no rational explanation" or acts "in an arbitrary or capricious manner."   *Id*. at 157 (quotation marks omitted).

On appeal, Gong submitted a notarial certificate stating that he had no criminal record in China up until November 9, 2018, and two news articles alleging that China abuses the Interpol notice procedure.   He argued that the certificate reduced the weight of the 2015 Interpol notice.   However, the BIA did not abuse its discretion in declining to credit that certificate because a statement that Gong

6

had no criminal record does not establish that the charges were no longer pending. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the "weight to afford . . . evidence lies largely within the discretion of the [agency]" (quotation marks and brackets omitted)). The BIA also considered the articles, but reasonably concluded they were insufficient to overcome the reliability of the Interpol notice, particularly as Gong's attorney verified the pending charges. *Matter of W-E-R-B-*, 27 I. & N. Dec. at 798 (discussing Interpol Red Notice process).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe,
> Clerk of Court